David W. Criswell
OSB No. 925930
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Mark Calvert, Litigation Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>PEAK WEB, LLC,<br><br>                       Debtor. | CASE NO. 16-32311-pcm11 |
| MARK CALVERT, Litigation Trustee of the Peak Web Litigation Trust,<br><br>                       Plaintiff,<br><br>v.<br><br>LEVEL 3 COMMUNICATIONS, LLC, a Delaware limited liability company,<br><br>                       Defendant. | ADV. PROC. NO.<br><br>COMPLAINT TO AVOID AND RECOVER AVOIDABLE TRANSFER PURSUANT TO 11 U.S.C. §§ 547 AND 550 |

Mark Calvert, the duly-appointed Litigation Trustee of the Peak Web Litigation Trust created by this bankruptcy case (the "Litigation Trustee "), brings this adversary proceeding against Level 3 Communications, LLC ("Defendant") to avoid and recover an avoidable transfer pursuant to 11 U.S.C. §§ 547 and 550 and alleges as follows:

PAGE 1   COMPLAINT TO AVOID AND RECOVER AVOIDABLE TRANSFER
              PURSUANT TO 11 U.S.C. §§ 547 AND 550

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

718671.0001/7323048.1

Case 18-03058-pcm    Doc 1    Filed 06/08/18

## JURISDICTION AND VENUE

1.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 547 and 550.

2.

This is a core proceeding within the meaning of 28 U.S.C. § 157.

3.

Venue of this adversary proceeding is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.

The statutory bases for relief requested in this Complaint are 11 U.S.C. §§ 544, 547 and 550, and Federal Rule of Bankruptcy Procedure 7001.

## BACKGROUND AND PARTIES

5.

On June 13, 2016 (the "Petition Date"), Peak Web LLC ("Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Code").

6.

On April 14, 2017, this Court entered an Order Confirming Debtor's Revised Second Amended Plan of Reorganization (the "Plan") dated February 10, 2017 [ECF No. 634]. Pursuant to Section 1.41 of the confirmed Plan, the Litigation Trustee has the proper authority to bring this action.

7.

Upon information and belief, defendant is a Delaware limited liability company.

PAGE 2    COMPLAINT TO AVOID AND RECOVER AVOIDABLE TRANSFER PURSUANT TO 11 U.S.C. §§ 547 AND 550

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

718671.0001/7323048.1

Case 18-03058-pcm    Doc 1    Filed 06/08/18

8.

Defendant either received a transfer of property from Debtor during the Preference Period (as defined below) or was the beneficiary of such transfer.

9.

Despite demand, Defendant has not repaid such transfer back to the Litigation Trustee.

## **CLAIMS FOR RELIEF**

### **FIRST CLAIM FOR RELIEF**

### **COUNT I**

**(Avoidance of Preferential Transfer Pursuant to 11 U.S.C. § 547)**

10.

The Litigation Trustee re-alleges and incorporates by reference all prior paragraphs as if set forth fully herein.

11.

On or within 90 days before the Petition Date (the "Preference Period"), Debtor transferred to Defendant property in which Debtor had an interest (individually and collectively, the "Transfer").

12.

A schedule identifying the Transfer is attached as **Exhibit A** and incorporated by reference.

13.

The Transfer constitutes a transfer of an interest in property of Debtor.

14.

Defendant was a creditor of Debtor at the time of the Transfer.

15.

The Transfer was made to or for the benefit of Defendant because the Transfer either reduced or fully satisfied a debt then owed by Debtor to Defendant.

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

718671.0001/7323048.1

16.

The Transfer was made for, or on account of, an antecedent debt owed by Debtor before such Transfer was made (the "Debt").

17.

At the time of the Transfer, Debtor was insolvent within the meaning of 11 U.S.C. § 101(32).

18.

The Transfer enabled Defendant to receive more than Defendant would have received if (a) Debtor's case was a case under Chapter 7 of the Code, (b) the Transfer had not been made, or (c) Defendant received payment on the Debt to the extent provided by the provisions of the Code.

19.

The Transfer constitutes an avoidable preference within the meaning of 11 U.S.C. § 547.

20.

The Litigation Trustee is entitled to judgment against Defendant avoiding the Transfer under 11 U.S.C. § 547.

**COUNT II**

**(Recovery of Transfer Pursuant to 11 U.S.C. § 550)**

21.

The Litigation Trustee re-alleges and incorporates all prior paragraphs of this Complaint as if set forth fully herein.

22.

Defendant was the initial transferee of the Transfer, or the immediate or mediate transferee of the initial Transfer, or the person for whose benefit the Transfer were made.

PAGE 4    COMPLAINT TO AVOID AND RECOVER AVOIDABLE TRANSFER
         PURSUANT TO 11 U.S.C. §§ 547 AND 550

718671.0001/7323048.1

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

Case 18-03058-pcm    Doc 1    Filed 06/08/18

23.

The Transfer, to the extent it is avoided pursuant to 11 U.S.C. § 547, may be recovered by the Litigation Trustee pursuant to 11 U.S.C. § 550(a).

24.

The Trustee is entitled to prejudgment interest.

## RELIEF REQUESTED

WHEREFORE, the Litigation Trustee prays for judgment as follows:

1. Avoiding the Transfer under 11 U.S.C. § 547(b);

2. Pursuant to 11 U.S.C. § 550(a), directing Defendant to pay to the Litigation Trustee an amount to be determined at trial that is not less than the full amount of the Transfer;

3. Granting judgment in favor of the Litigation Trustee and against Defendant in an amount equal to the amount of the Transfer, plus applicable prejudgment interest;

4. Directing that no payments be made on account of any allowed claims of Defendant against Debtor pursuant to 11 U.S.C. § 502(d) unless Defendant has paid the Transfer to the Litigation Trust;

5. Awarding the Litigation Trustee its reasonable costs incurred herein; and

6. Granting the Litigation Trustee such other and further relief as the Court deems just and equitable.

DATED: June 8, 2018

LANE POWELL PC

By /s/ David W. Criswell
David W. Criswell
OSB No. 925930
Telephone: 503.778.2100
Facsimile: 503.778.2200
Attorneys for Mark Calvert, Litigation Trustee

PAGE 5    COMPLAINT TO AVOID AND RECOVER AVOIDABLE TRANSFER
         PURSUANT TO 11 U.S.C. §§ 547 AND 550

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

718671.0001/7323048.1

Case 18-03058-pcm    Doc 1    Filed 06/08/18

# EXHIBIT A

**Level 3 Communications, LLC**

| Date of Payment | Amount of Payment |
|---|---|
| 6/10/2016 | $ 35,663.00 |